The State, *ex rel.* Snyder, *v.* Riggs, Treasurer.

No. 10,938.

THE STATE, EX REL. SNYDER, *v.* RIGGS, TREASURER.

MANDAMUS.—*Return.—Practice.*—Where no objection is made to the suffi-
ciency of the return to a writ of mandate in the trial court, none can be
urged against it on appeal.

NEW TRIAL.—*Assignment of Causes for.*—An assignment of a cause for a
new trial on account of error in the admission of evidence must show with
reasonable certainty the particular portion of evidence objected to.

From the Sullivan Circuit Court.

*J. C. Briggs* and *C. E. Barrett,* for appellant.

*J. T. Beasley* and *A. B. Williams,* for appellee.

ELLIOTT, J.—It is alleged in the petition of the appellant,
that in October, 1864, the board of commissioners of Sulli-
van county duly made an order allowing to each person who
should enlist in the army of the United States $300; that
the relator became a soldier and entitled to that sum under
the order of the board; that a warrant was issued therefor on
the treasurer of the county, payable to the relator or bearer;
that the warrant has never been paid, and that it has been
lost. Prayer for a writ of mandate to compel payment of
the warrant. The return to the alternative writ avers that
the warrant was paid to the relator's wife with his knowledge,
and that it was by her used in the support and maintenance
of the relator's family.

No question was made as to the sufficiency of this return
in the trial court, and none can be urged here. If a peti-
tioner desires to test the sufficiency of a return, he must take the
proper steps in the trial court. High Ex. Legal Rem., sec. 496.

The assignments of causes for a new trial, on the ground
of error in the admission of evidence, are not sufficiently
specific to present any question. It is well settled that the
motion for a new trial must, with reasonable certainty, point
out the particular evidence objected to, and so designate it
as to enable the court to ascertain and identify the particular
evidence against which objection is urged.

The only question which the motion for a new trial presents is, whether the finding is or is not sustained by sufficient evidence. The appropriation of money was for the benefit of the families of those who should enlist; the records of the county auditor showed payment to the relator's wife; a former treasurer testified that the warrant was actually paid by him, cancelled and returned to the auditor; and there are circumstances strongly tending to show that the payment was made to the relator's wife by his consent, and that the money was used by her in supporting herself and her six children. We are satisfied that the finding was right. The demand is a stale one and should be viewed with disfavor.

The warrant was payable to bearer, and authorities, to the effect that where a note is paid without a transfer by endorsement the payee is not protected, are not in point, for a very different rule prevails in such a case as this.

Judgment affirmed.

