Isler v. Bland.

Filed Feb. 23, 1889.

---

No. 13,514.

ISLER v. BLAND.

SUPREME COURT.—*Preponderance of Evidence.*—The Supreme Court will not weigh evidence for the purpose of determining the preponderance.

SAME.—*Evidence.*—*Support of Verdict.*—However much the evidence for the successful party may be contradicted, it will nevertheless, if it tends to support the verdict, be held sufficient on appeal, unless to believe it would involve an absurd or unreasonable conclusion.

SAME.—*Motion for New Trial.*—*Exclusion of Evidence.*—Where the exclusion of evidence is made a ground for a new trial, the particular evidence excluded must be designated and pointed out with reasonable certainty in the motion.

From the Miami Circuit Court.

*S. D. Carpenter, R. P. Effinger* and *R. J. Loveland,* for appellant.

*L. Walker, W. B. McClintic* and *C. R. Pence,* for appellee.

MITCHELL, J.—This was an action by Lottie Bland against

Jonathan Isler, to recover the amount of a promissory note executed by the latter as maker to the former as payee.

Answers setting up want of consideration, payment, set-off, and the general denial, were pleaded, and after issue joined there was a trial by jury and a verdict for the plaintiff.

There is no question upon the pleadings in the case. The controversy here relates almost exclusively to the sufficiency of the evidence to sustain the verdict of the jury. After setting out the substance of the evidence given by the parties respectively, it is conceded that if the cause rested upon the testimony of the parties, the appellant must fail, because, having the burthen of the issue, and both being entitled to equal credit, there is no preponderance. In other words, it is conceded that the plaintiff's testimony, if believed, supports the verdict of the jury, but the erroneous assumption is indulged that this court will examine and weigh the evidence of all the witnesses, with a view of ascertaining upon which side it preponderates. It has often been held that this will not be done, and that where there is evidence in the record which tends to support the verdict, a reversal will not follow, even though the evidence, as a whole, seems to preponderate overwhelmingly against the conclusion of the jury. *Hammond & Co.* v. *Schweitzer*, 112 Ind. 246. In such a case, this court acts upon the presumption that there was something in the conduct or appearance of the witnesses, or other circumstances of the trial, which the opportunities of the jury and the judge at *nisi prius* enabled them to discover, and which could not be conveyed to this court, fully justifying the verdict, even though that was contrary to what might seem to be the weight of the evidence.

Where competent evidence appears in the record which, if true, tends to sustain the verdict and judgment, unless it is of such a character as that to believe it would involve an absurd or unreasonable conclusion, no matter how much the evidence is contradicted it will support the verdict nevertheless. *Continental Life Ins. Co.* v. *Yung*, 113 Ind. 159.

Isler v. Bland.

What has been said disposes of the case, so far as questions involving the sufficiency of the evidence are concerned.

The fourth ground for a new trial is assigned as follows: "Error of law occurring at the trial of said cause, in that the court refused to permit the introduction of evidence explaining and accounting for the money of plaintiff that came into the hands of the defendant."

This assignment is too general to present any question. There can be no deviation from the well settled rule which requires that a motion for a new trial, in order to present any question, must point out with reasonable certainty the particular evidence objected to and excluded, and so designate it as to enable the court, without searching the whole record, to ascertain what evidence was offered and excluded to which the motion applies. *Harvey* v. *Huston,* 94 Ind. 527 ; *State, ex rel.,* v. *Riggs,* 92 Ind. 336 ; *Northwestern M. L. Ins. Co.* v. *Hazelett,* 105 Ind. 212.

The motion in the present case does not even name the witness whose testimony in respect to the subject therein mentioned was excluded, nor does it indicate what question or questions were asked, or the evidence which the witness would have given in response.

There is no substantial merit in the point predicated upon the remarks of counsel for plaintiff in his closing argument to the jury. It does not appear that the intervention of the court was asked and refused, and that an exception was taken, nor can we see anything improper or prejudicial in the remarks in and of themselves.

The judgment is affirmed, with costs.

Filed Feb. 23, 1889.