# Carter v. Commonwealth.

(Decided Oct. 11, 1932.)

L. SAUNDERS and JOHN S. DEERING for appellant.

BAILEY P. WOOTTON, Attorney General, and WILLIAM R. ATTKISSON, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Reversing.

Jess Carter was indicted in the Jessamine circuit court for the crime denounced by section 1155, Kentucky Statutes. It being charged in the indictment that the prosecutrix was under the age of 16 years, and that accused was over the age of 21 years. By the verdict of the jury and judgment of the court, he was found guilty and his punishment fixed at imprisonment for 5 years. He has appealed.

For reversal, it is argued that the verdict is flagrantly against the evidence, and that the court committed prejudicial error in the admission of incompetent evidence over the objection of appellant.

Appellant is 33 years of age, and lives with his wife and five children in the Little Hickman neighborhood in Jessamine county. He is a near neighbor to Ben Davis, father of Mary Della Davis, who has a wife and eleven children, one of whom is married. The Davis home is a two-story loghouse with two rooms on the first floor and two shed rooms to the side. Mary Davis slept in what they call "the front room," which has an outside door and also a door leading to the adjoining room in which the father, mother, and perhaps some of the children slept. Sometimes the connecting door would be open and at other times closed, and there is evidence that sounds from one room could be heard in the other.

Mr. and Mrs. Davis testified that the first they knew of their daughter's improper relations with any man was when she had a miscarriage in December, 1931. They testified, as did their daughter, Dr. Beverly, and others that she told them her brother-in-law, Ralph Fain, was responsible for her condition, but later, after the father had declared his intention to kill Fain, changed her story, and told that appellant was the guilty party.

The only evidence upon which the commonwealth can rely to sustain the verdict is that of the prosecutrix, Mary Della Davis.

Her evidence as to the improper relations between herself and appellant is, in substance, that some time during the month of October, about 12 o'clock at night, appellant came into her bedroom, where she was sleeping with her 9 year old sister; that, when he came in, she got out of bed and started to her mother's room; that she called rather loudly to her mother once, but he placed his hand over her mouth, and told her he would kill her if she did not submit to his desires; that he threw her on the bed, removed his clothes, got in bed with her, and accomplished his purpose, and that all the while he was holding his hand over her mouth so she could make no further outcry. He remained there in bed with her until about 3 o'clock. She testified that he came back at night several times during that week and three times every week thereafter; that he would usually leave about 2 or 3 o'clock in the morning. She further testified that, when she learned she was in a delicate condition, she told appellant about it, and he told her he would take her to some woman up at Lexington; that on the night of December 22, after she attended a Christmas tree, he did take her to Lexington, where a woman performed an illegal operation upon her. She did not know this woman, nor did she hear her name, but attempted to describe her. She testified that she left for Lexington about 12 and returned about 3 o'clock. She gave as her reason for telling that Fain was responsible for her condition that appellant told her they would not do anything to Fain because he was in the family, but would send appellant to the penitentiary if she told on him, and that he would kill her if she did not tell it was Fain.

There is evidence that the Davis girl was often in the Carter home and that Carter was often in her

home; that she frequently accompanied the Carters in their automobile to Lexington and elsewhere. But there is no evidence that appellant and the prosecuting witness were ever together and alone except her evidence as to the trip made to Lexington, when she claims the operation was performed and there is no evidence of undue intimacy between these parties, except her recital of his visits to her bedroom in the nighttime.

Since Carter denies in toto the evidence of the Davis girl connecting him in any way with the commission of the crime, and her evidence in that respect is without any corroboration whatever, we are left to determine whether, in the light of attending circumstances, that alone is sufficient to sustain the verdict.

Under prevailing rules in this jurisdiction any evidence, even though it be slight, tending to establish the guilt of the accused, is sufficient to take the case to the jury, and this court will not disturb the verdict of a properly instructed jury as not supported by sufficient evidence, unless it be so palpably and flagrantly against the evidence as to shock the conscience or necessarily lead to the conclusion that it was the result of passion or prejudice rather than deliberate consideration upon the part of the jury. Branham v. Commonwealth, 223 Ky. 233, 3 S. W. (2d) 629, and cases cited.

It is equally as well established that it is the peculiar province of the jury to determine the credibility of witnesses and the weight to be given their evidence, and in the exercise of that function they may believe one witness, though contradicted by a number of others, or one set of witnesses to the exclusion of another set. Kennedy v. Commonwealth, 194 Ky. 502, 239 S. W. 796; Allison v. Commonwealth, 196 Ky. 140, 244 S. W. 422.

But it is the province of the court to determine whether there is any evidence to support a case or any particular theory of a case, and in so doing to reject any alleged statement of facts inherently impossible and wholly at variance with universally recognized laws. Harris v. Commonwealth, 183 Ky. 542, 209 S. W. 509; L. & N. R. Co. v. Chambers, 165 Ky. 703, 178 S. W. 1041, Ann. Cas. 1917B, 471; Louisville Water Co. v. Lally, 168 Ky. 348, 182 S. W. 186, L. R. A. 1916D, 300.

"Probative evidence is testimony carrying the

260

quality of proof and having fitness to induce conviction.'' Globe Indemnity Co. v. Daviess, 243 Ky. 356, 47 S. W. (2d) 990, 992.

The evidence of a witness to establish a case may be so completely overwhelmed and destroyed by contradictory statements of the witness or others, or by evidence as to the acts and conduct of the witness and the attending circumstances, as to render a verdict based thereon flagrantly against the evidence. Consolidation Coal Co. v. Potter, 182 Ky. 562, 206 S. W. 776; Haynes v. Commonwealth, 194 Ky. 469, 239 S. W. 780.

While it may not be said that the prosecuting witness' recital as to how the alleged crime occurred is inherently impossible and totally at variance with natural laws, the evidence as to the attending circumstances and her subsequent conduct is such as to render it inherently improbable and to rob it of any probative value or fitness to carry conviction.

In such circumstances, we are constrained to hold that the verdict is flagrantly against the evidence, and this conclusion renders it unnecessary to discuss the other ground urged for reversal.

Judgment reversed for proceedings consistent with this opinion.