## Sells v. Commonwealth.

(Decided Jan. 11, 1938.)

J. R. WHITE for appellant.

HUBERT MEREDITH, Attorney General, and J. M. CAMP-BELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The appellant, Mitchell Sells, has been convicted of the crime of detaining a woman against her will, and sentenced to confinement in the state penitentiary for a term of two years. The single ground urged for a reversal of the judgment is that the verdict is palpably against the evidence.

The only witnesses introduced by the commonwealth were Lydia Cooper, the prosecutrix, and Mrs. Della Cooper, her mother. The testimony of the latter is not important. The prosecutrix, who was twenty-two years of age at the time of the trial in April, 1937, testified, in substance, that the appellant, accompanied by a young man and a young woman who were her neighbors and friends, came to her home Sunday evening, September 15, 1935, and invited her to accompany them to Little Hope Church, which was located about 2½ miles east of the Cooper home. They drove in an automobile to the church where they attended services, and then started east toward Cave City. She and appellant were riding in the rear seat of the automobile. They stopped at Ben Monroe's filling station and purchased gasoline, and then drove two miles beyond Cave City to Forest Grove Church. The car was parked in a grove of trees near the church, and the couple in the front seat got out and walked into the woods. The appellant then pulled her out of the car and had inter-

course with her without her consent. She testified that she resisted, but did not scream or make an outcry. She never made any complaint to the other couple when they returned, but all four of them got into the car and returned to her home. She made no complaint to anyone until January, 1936, when a physician informed her mother that she was pregnant. She gave birth to a child in June, 1936. The appellant denied that he had intercourse with her at the time stated by her or at any other time. He testified that on September 22, 1935, he and the two persons named by her went to her home and took her to Little Hope Church, where they attended religious services. After the services were over, they drove home and did not go to Cave City or Forest Grove Church. The young man who accompanied them on the trip died more than a year before the trial, but the young woman named by the prosecutrix as a member of the party testified and corroborated appellant. Clayton Estes was at Little Hope Church on the night the prosecutrix and her three companions were there, and he testified that at the conclusion of the church services they got into a car and started west toward their homes. He and his wife were in an automobile immediately in front of them and he saw them pass his home, which is located more than two miles west of Little Hope Church. Ben Monroe, who operates the filling station east of the church and between the church and Cave City, testified that the prosecutrix, appellant, and their two companions were not at his filling station on the night in question, although the prosecutrix testified that Monroe was there and talked to appellant.

It would serve no useful purpose to set out the evidence in detail, but it is sufficient to say that the testimony of the prosecutrix concerning the automobile trip on the night of September 15th is contradicted in every instance where she states a third person was present. The contradicting testimony is of neighbors of the prosecutrix who are apparently disinterested and are unimpeached. Her story as to how the alleged crime was committed is unreasonable and improbable, if not wholly incredible.

We are not unmindful of the rule prevailing in this jurisdiction that any evidence, even though it be slight, tending to establish the guilt of the accused, is sufficient to take the case to the jury and sustain its verdict unless

it be so palpably and flagrantly against the evidence as to shock the conscience or necessarily lead to the conclusion that it was the result of passion or prejudice rather than deliberate consideration upon the part of the jury. Noble v. Com., 267 Ky. 809, 103 S. W. (2d) 258; Lee v. Com., 250 Ky. 241, 63 S. W. (2d) 483. But where the verdict is flagrantly against the evidence, it is the duty of this court to so hold. Salyer v. Com., 264 Ky. 53, 94 S. W. (2d) 281. What was said concerning the prosecuting witness' testimony in Carter v. Com., 245 Ky. 257, 53 S. W. (2d) 521, 522, is applicable here:

> "While it may not be said that the prosecuting witness' recital as to how the alleged crime occurred is inherently impossible and totally at variance with natural laws, the evidence as to the attending circumstances and her subsequent conduct is such as to render it inherently improbable and to rob it of any probative value or fitness to carry conviction."

The judgment is reversed, with directions to grant appellant a new trial.