SMITH, EXECUTRIX v. STROCK, EXECUTOR.

[No. 17,352.   Filed April 5, 1945.]

*Rex S. Emerick,* of Kendallville, and *Harris W. Hubbard,* of Angola, for appellant.

*Mountz & Mountz,* of Garrett, and *Willis K. Batchelet,* of Angola, for appellee.

HAMILTON, J.—This was an action by appellant against appellee to recover moneys belonging to appellant's decedent, Hannah E. Beigh, alleged to have been appropriated by her son, William S. Beigh, appellee's decedent, from funds which appellant claims came into the hands of said William S. Beigh during his lifetime and while he was acting as agent for his mother, Hannah E. Beigh. The action was commenced by the filing of a verified claim against the estate of William S. Beigh, which claim was disallowed and transferred to the trial docket for trial. The issues were joined upon appellee's amended claim in four paragraphs and the defense of appellee under the statute without filing any affirmative answer.

The cause was tried to the court without the intervention of a jury and a general finding rendered for appellee and against appellant, upon which finding final judgment was duly rendered and this appeal prosecuted.

Paragraph 1 of appellant's amended claim is based upon the alleged appropriation to his own use by William S. Beigh of the proceeds of certain checks received by Hannah E. Beigh from Veterans' Administration of the U. S. as monthly insurance and compensation payments accruing to her because of the death of a son in the U. S. military service during World War I.

The second paragraph of the amended claim is based upon the alleged conversion by William S. Beigh of

$300 claimed to have been received by him in 1938 from the sale of sheep owned by Hannah E. Beigh.

The third paragraph of the amended claim is based upon the alleged conversion in 1934 by William S. Beigh of $260 received from the sale of ewe lambs belonging to Hannah E. Beigh.

The fourth paragraph of the amended claim is based upon an alleged indebtedness of William S. Beigh in the sum of $600, due and owing by him to Hannah E. Beigh as and for rent of 64 acres of farm land in Steuben County, Indiana, for the years of 1938, 1939, and 1940, at an agreed rental of $200 per year.

The sole error assigned in this court is the alleged error of the trial court in overruling the apellant's motion for a new trial, which contains three specifications, to wit: (a) That the decision of the court is contrary to law; (b) that the decision of the court is not sustained by sufficient evidence; and (c) that the decision of the court is not sustained by sufficient evidence and is contrary to law.

It is well settled by numerous decisions that an assignment of error to the effect that the decision, or verdict, is not sustained by sufficient evidence presents no question for review upon appeal when the decision, or verdict, is negative and against the party having the burden of proof. *McKee* v. *Mutual Life Ins. Co. of New York* (1943), 222 Ind. 10, 51 N. E. (2d) 474; *Scoopmire* v. *Taflinger* (1944), 114 Ind. App. 419, 52 N. E. (2d) 728; *Wilson, Admx.,* v. *Rollings* (1938), 214 Ind. 155, 14 N. E. (2d) 905; *Myers* v. *Brane* (1944), ante, p. 144, 57 N. E. (2d) 594; *Warren Company, Inc.,* v. *Exodus* (1944), 114 Ind. App. 651, 54 N. E. (2d) 775; *Cleveland, etc., R. Co.* v. *Starks* (1915), 58 Ind. App. 341, 106 N. E. 646. Therefore,

the second specification of the motion for new trial presents no question for our consideration.

In support of her contention that the decision of the trial court is contrary to law, the appellant, in her brief, says: "The question to be decided by this Court is, therefore, whether or not there is any evidence in the record to sustain the decision of the trial court. In determining this issue, Appellant is not asking this Court to weigh the evidence, but only to determine whether or not there is any evidence to sustain such decision."

In compliance with appellant's request, we have carefully examined the record in this cause and find that it contains ample evidence to establish the following facts:

Appellant's decedent, Hannah E. Beigh, was an elderly widow who had for a number of years resided alone upon a 64-acre farm in Steuben County, Indiana. Her husband died in 1926. There were born to this union four children, viz.: Edward Beigh, who died in 1920 while in the service in the U. S. military forces of World War I, Esther Beigh, Nora Beigh Smith, appellant herein, and William S. Beigh, appellee's decedent. Esther Beigh died in 1931 and, after her death, Hannah E. Beigh lived alone until her death on November 14, 1941. William S. Beigh died as a result of an automobile accident which occurred on November 11, 1940.

During all the times mentioned, Hannah E. Beigh owned a life estate in sixty-four acres of farm land in Salem Township, Steuben County, Indiana, where she lived. Appellee's decedent, William S. Beigh, was the only son of Hannah E. Beigh living at the time of the death of her husband in 1926. At that time, and until about 1937, he resided in the village of Hudson, Steuben

County, a distance of about eight miles from the farm and home of his mother. During the period of time above mentioned he owned and operated a gasoline filling station at Hudson, Indiana. The relations existing between William S. Beigh and his mother were always friendly, cordial, and intimate. While he lived at Hudson, he made weekly trips, and sometimes oftener, to his mother's home and took her into town at least once each week to do her shopping and marketing. He looked after her general welfare and comfort.

In 1937, William S. Beigh moved from Hudson to a farm adjoining his mother's place and continued to live there until his death in November, 1940. After moving to the farm, William S. Beigh called at his mother's home almost daily. He looked after her farm, made repairs, and assisted his mother in her business affairs. During the years from 1934 to the date of her death in 1941, Hannah E. Beigh received insurance and compensation checks from the U. S. Government because of the death of her son, Edward Beigh, while in the military service, amounting to approximately $5,195.83, and of this total amount William S. Beigh endorsed checks amounting to $2,120.83. The evidence further discloses that Hannah E. Beigh received all of the checks through the U. S. Mail, opened all of the envelopes containing these checks, and personally endorsed each and every check in her own handwriting. The checks were cashed through various sources. Some of them were cashed at the post office and are endorsed by Hannah E. Beigh and the various postmasters; some of the checks were endorsed by Hannah E. Beigh and the names of various business men and firms with whom Mrs. Beigh traded or had business dealings; some were deposited in her bank account, either in toto or in part; and others were cashed by William S. Beigh, giv-

ing his mother the amount of the check in cash. Such checks, as well as those deposited in the bank account, or cashed through the bank, bear the endorsement of Hannah E. Beigh and William S. Beigh. In each instance, where the name of William S. Beigh appears upon a check, the signature of his mother, Hannah E. Beigh, appears thereon in her own handwriting. The evidence further discloses that Hannah E. Beigh used the proceeds of the checks to improve her home, purchase electrical appliances for her home and use, and clothing for herself, and that she always had cash on hand to spend for her personal comfort and convenience as she desired. There is evidence that, upon one occasion, Hannah E. Beigh stated that she didn't care about saving any of the money which she received from the Government, that she was going to use it up and wasn't going to leave it to anybody to spend after her death.

There is evidence to the effect that in 1937, William S. Beigh rented his mother's farm for cash rent and paid her the sum of $180 therefor. Thereafter, he told his mother that he would look after her, pay her telephone rent, taxes, and insurance, repair the fences and buildings upon her farm out of his own funds and let it stand as rent for the farm to the amount of rent in the sum of $200 per year and that his mother said in reply to this statement that she thought such an agreement was all right.

There is also evidence that William S. Beigh did not use any of his mother's money in his own business, or for his own benefit; that after he was injured on November 11, 1940, and before he died, he stated that he was not indebted to anyone. After his death the bank book and check books used by William S. Beigh in connection with his mother's business were delivered to his

mother. The bank book and pages constituting the itemized ledger account of Hannah E. Beigh were introduced in evidence and they show that for the period from 1937 to November, 1940, the government checks received by Hannah E. Beigh were regularly deposited in Hannah E. Beigh's account and checked out by her.

In addition to the above evidence, the trial judge may have deemed it highly significant and important that there was no evidence in the record that the mother, Hannah E. Beigh, ever at any time, or place, by word or act, expressed any disapproval or dissatisfaction with the manner in which her son, William S. Beigh, transacted her business affairs, and she never complained to anyone that he was indebted to her in any amount or that he had ever sold and disposed of any of her personal property and failed to account to her for the proceeds thereof.

The mere fact that William S. Beigh endorsed certain of the U. S. checks after they had been endorsed by his mother, the payee of the checks, in her own handwriting, is insufficient, without further evidence or proof, to establish the allegations of the first paragraph of the amended claim that William S. Beigh appropriated the proceeds of such checks to his own use and benefit, or that his estate is liable in this action.

We have been unable to find any evidence of probative value in the record to establish the allegations of the second and third paragraphs of the amended claim, or to prove conclusively that William S. Beigh received any money for sheep or ewes sold, and that he failed to deliver the proceeds of such sale, either to his mother or deposit the money in her bank account.

It is well settled that a decision, or finding, must be based upon proven facts and cannot be based upon mere

guess, conjecture, surmise, possibility, or speculation. *Pioneer Coal Co.* v. *Hardesty* (1921), 77 Ind. App. 205, 133 N. E. 398; *Swing* v. *Kokomo Steel, etc., Co.* (1919), 75 Ind. App. 124, 130, 125 N. E. 471; *Johnson* v. *Brady* (1916), 60 Ind. App. 556, 566, 109 N. E. 230; *Furst* v. *Mills* (1934), 98 Ind. App. 266, 188 N. E. 866.

There was no charge in either paragraph of the amended claim, or evidence, to sustain a charge of fraud, unfair dealing, undue influence, or that Hannah E. Beigh was not at all times fully aware of and familiar with her business affairs and dealings with her son, William E. Beigh.

For us to say that there was no conflict in the evidence or that there was sufficient evidence to sustain a recovery for the appellant would amount to an invasion of the province of the judge who tried this cause and who concluded otherwise, and this we are not permitted to do. *McKee* v. *Mutual, etc., supra.* The credibility of witnesses and the weight to be given to their testimony was within the exclusive province of the trial judge as the trier of the facts, and in so doing he was not necessarily bound by the testimony of any one witness or any particular item of evidence. *Cleveland, etc.* v. *Starks, supra; Lowman* v. *Lowman* (1941), 109 Ind. App. 163, 33 N. E. (2d) 780; *Sam* v. *Allie, Admr.* (1943), 114 Ind. App. 156, 51 N. E. (2d) 393.

Appellant attempts to invoke the rule that where an agent has been entrusted with his principal's money for a definite purpose the former may be required to account, in equity, and in making such accounting the burden is on him to show that his trust duties have been faithfully and fully performed. The appellant insists that the burden in the instant case

shifted to appellee, who failed to discharge this burden, and therefore the decision of the trial court is contrary to law. The fallacy with the appellant's contention is the fact that it ignores the primary rule which cast upon the appellant the burden of proving by the preponderance of the evidence the principal fact that William S. Beigh actually received funds belonging to his mother and which were not accounted for by him to her. The trial court by his negative decision held that appellant had failed to discharge this duty, which never shifted from the appellant to the appellee. *North* v. *Jones* (1913), 53 Ind. App. 203, 212, 100 N. E. 84; *Munson* v. *Quinn* (1942), 110 Ind. App. 277, 37 N. E. (2d) 693.

We are of the opinion that this cause was fairly tried and a correct result reached. *Barnett* v. *Kemp* (1914), 258 Mo. 139, 167 S. W. 546, 52 L. R. A. (N. S.) 1185, 1198, and 1199.

We find no reversible error in the record. Judgment of the lower court is therefore affirmed.

NOTE.—Reported in 60 N. E. (2d) 157.