**STATE, Plaintiff-Appellee, v. ELLIS, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 4542.   Decided February 6, 1951.

Ralph J. Bartlett, Pros. Atty., Edmund B. Paxton, Henry L. Holden, Asst. Pros. Attys., Columbus, for plaintiff-appellee.
Lyman & Lyman, Columbus, for defendant-appellant.

### OPINION

By HORNBECK, J.

The defendant was charged, tried, convicted and sentenced on a charge of murder in the second degree.   Appellant assigns four grounds of error specifically set out under two claims:

1. That the verdict of the jury is against the manifest weight of the evidence.

2. Error in the general charge as given and in the failure to charge upon the subject of included offenses.

Defendant pleaded not guilty and specially urged the defense of self defense.   The testimony on behalf of defendant

tended to show either that he killed the decedent with a shotgun which was accidentally discharged or that he killed the deceased in self defense. The trial judge properly placed the burden upon the State of establishing by the requisite degree of proof all of the elements of murder in the second degree, including a purposeful and malicious killing. This enabled the jury to consider that testimony which tended to show that the killing may have been accidental and not purposeful or malicious. The instruction as to self defense presented another theory, namely, a purposeful killing which was justifiable because the defendant was acting in self defense.

The defense developed testimony tending to prove that decedent was quarrelsome, dangerous and at times carried weapons upon his person and at the time that he was killed he had a sawed-off ball bat in his clothing. His tendencies and propensities were fully developed before the jury. On the other hand, were shown the circumstances attending the killing, the fact that no quarrel had ensued on the day of the homicide to which the defendant and the deceased were parties; that no bad blood existed between them; that no express threats were shown to have been made by the deceased against the defendant, although some of the statements and gestures of decedent could be interpreted as implied threats; that the decedent was shot back of the left ear; that at no time was he closer than 17 to 20 feet from the defendant at the time of the shooting. Other facts were developed showing a quarrel and a fight between the common-law wife of decedent and another woman, the coming onto the scene by decedent and violence used by him against one of the participants of the fight, his later return to the place of business of defendant in search of his wife—in fact, the record is voluminous and fully presented to the jury all circumstances preceeding and attending the killing. Although the evidence would support an acquittal, the jury was well within its rights in resolving the facts against the defendant and in concluding that there was a purposeful and malicious killing and that self defense was not established.

The first assignment of error is, therefore, not well made.

Upon the second assignment appellant urges that the trial judge acted to the prejudice of the defendant in failing to charge the offenses of manslaughter and assault and battery.

There is no question but that the charge of second degree murder includes within its terms the offenses of manslaughter, assault and battery and assault, but it is likewise true that before a trial judge is required to instruct the jury upon these included offenses the factual development must be

such as would, if true, support a conviction of such included offense. An examination of the many cases cited by counsel on the subject of included offenses discloses the application of the principle which we have suggested. **State v. Cochrane, 151 Oh St 128,** is cited. In this case there was a striking of the deceased by the defendant which would have supported a conviction of assault and battery. The evidence was in dispute if the blow caused the death of decedent.

In the instant case there was no issue as to the cause of death and no assault but the shooting. Note this distinction in the opinion in **Marts v. State, 26 Oh St 169.**

The facts in the opinion in the cited cases of **Howard v. State, 25 Oh St 399,** and **Heller v. State, 23 Oh St 582,** are too meager to be of value here.

Counsel for the parties argue at considerable length the claimed error of the Court in failing to charge included offenses. The State proffers affidavits of the assistant prosecutor and the trial judge to the effect that the failure of the judge to charge included offenses was by the consent of counsel for the defendant. This fact is denied by the professional statement of counsel for the defendant. We do not consider these affidavits for any purpose whatever because they are not made a part of the bill of exceptions. If what transpired as set out in the affidavits tendered by the State is correct it could have been incorporated in the bill of exceptions originally or by diminution of the record. Affidavits may not be employed to provide subject matter which properly should be carried into the bill of exceptions.

It might be found that the killing was unintentional and in violation of law under **12422 GC** and therefore constituted manslaughter although in view of the exception clause in that section it shall not extend to a case where firearms are used in self defense. But it is not sufficient to say that the factual development in the trial of the cause is such as would have supported the submission to the jury of the question of the guilt or innocence of the defendant of the included offense of manslaughter.

At the conclusion of the general charge this appears:

"THE TRIAL JUDGE: Counsel for the State, has the Court incorrectly stated any proposition or has the Court omitted to state any proposition that occurs to you at this time?

MR. HOLDEN: The State is satisfied, Your Honor.

THE COURT: Counsel for the defense, what have you to say?"

(Court and counsel confer at the Bench.)

"THE COURT: Is counsel for the defense satisfied?

MR. LYMAN: We are.

THE COURT: Members of the Jury, you may retire."

It will be noted that no exception, general or special, was made to the charge by counsel for defendant and no request for charges on included offenses.

In **Todor v. State, 113 Oh St 377**, the defendant was charged with murder in the first degree. The Court charged the jury on murder in the first degree, recommendation of mercy, and second degree, but did not charge upon the subject of manslaughter. In the per curiam, page 378, it is said:

"Manslaughter having thereby become an issue, the duty of the court to charge the jury with reference thereto was not different from his duty to charge the jury with reference to the issues of murder in the first degree and murder in the second degree."

Thus the Court concedes that upon the record a charge on manslaughter would have been appropriate, but that inasmuch as counsel for the defendant made no request for a charge upon the subject of manslaughter, and as the general charge as given was correct, the judgment could not be reversed for the failure of the Court to charge further. Citing **State v. McCoy, 88 Oh St 447.**

As we interpret this decision the trial judge here did not commit reversible error if it be conceded that the facts as developed would have supported a charge upon included offenses. Counsel for appellant seek to avoid the effect of Todor v. State by the language of §13449-5 GC. It is true that Todor v. State was decided in 1925, four years before the enactment of §13449-5 GC, but the effect of this statute does not overcome the strength of the pronouncement in the cited case. As late as **State v. Tudor, 154 Oh St 249**, the majority of our Supreme Court affirmed the principle of Todor v. State. The only applicable language in §13449-5 GC is "no judgment of conviction shall be reversed for any misdirection of the jury unless the accused was or may have been prejudiced thereby." There was no misdirection of the jury in the charge in this case, as given. The only possible claim is that the Court could properly have charged further.

The second branch of this assignment of error, namely, that the Court erred in failing to provide but two forms of verdict, namely, "Guilty of murder in the second degree" and "Not guilty" is answered by our conclusion as to the first branch of the assignment.

It is further urged that the trial judge did not properly charge the law of self defense. The charge followed in the main the instructions which have been approved, directly and inferentially, in **Marts v. State, 26 Oh St 162; State v.**

**Mueller, 6 O. L. R. 542;** and **Nelson v. State, 42 Oh Ap 252.**

The trial judge properly instructed the jury to apply the subjective test to the conduct of the defendant as it related to his defense of self defense. He said to the jury:

"I suggest to you that in determining this you place yourselves in so far as you are enabled so to do in the shoes of the defendant as he was then and there at the time of the occurrence, and all of the facts and circumstances in evidence before you at that time, and ascertain and determine did the defendant act in self defense as I have defined self defense to you."

This charge authorized the jury to consider the physical and mental makeup of the defendant including his weakness and his injuries. Upon the whole the charge is correct and fair to the defendant. Although it does not include the very last words of the 2nd syllabus of Marts v. State, it does in substance incorporate the meaning of that language.

The second assignment of error is not sustained in any of its branches. The judgment will be affirmed.

MILLER, PJ, WISEMAN, J, concur.