DARBY ET AL. *v.* SCHOOLCRAFT ET AL.

[No. 18,581. Filed April 15, 1955. Rehearing denied May 26, 1955.]

*Maurice D. Fulford,* of Martinsville, and *Frank E. Spencer,* of Indianapolis, for appellants.

*Gilbert W. Butler,* of Martinsville, for appellees.

PFAFF, J.—This action was brought for partition of certain real estate, one tract of which was owned by Robert Dillender, deceased, and two tracts owned by Robert Dillender and Margaret Dillender, both deceased, as tenants by the entirety. The appellants are the heirs-at-law of Margaret Dillender; the appellees are the heirs-at-law of Robert Dillender.

Cause was tried upon the issues formed by the complaint for partition, appellants' cross complaint for partition, amended answer and the reply and answer thereto. The issue was whether the appellants were the owners of any interest in the real estate described in the complaint for partition, devolution of title to which depended upon whether Robert Dillender survived Margaret Dillender or vice versa, or whether they died simultaneously.

Cause was submitted to the court without the intervention of a jury whereupon the court entered judgment in favor of the appellee, Constance Schoolcraft, on her complaint for partition; that the said real estate was owned by the appellees as the sole surviving heirs-at-law of Robert Dillender, deceased, and that the appellants had no interest in said real estate as to the sole surviving heirs-at-law of Margaret Dillender, deceased.

The court ordered all of the real estate sold by a commissioner and the proceeds of sale divided equally among the appellees.

The errors relied upon by the appellants for reversal is that the court erred in overruling the motion for new trial.

While the motion sets out three grounds, appellants rely only upon the first two.

(1)   That the decision of the court is not sustained by sufficient evidence;
(2)   That the decision of the court is contrary to law.

The sole question for this court to determine in deciding the correctness of the decision of the trial court is whether or not there is evidence of probative value that Mrs. Dillender died prior to Mr. Dillender.

The evidence of the coroner as to the cause and time of death of parties is set out in brief and is as follows:

"I am E. C. Holmes, and on August 9, 1952 I was coroner of Morgan County. I am a funeral director and a licensed embalmer in State of Indiana, and have been licensed since 1928. In my official capacity as coroner, I was called to the home of Robert Dillender, deceased, on the evening of August 9, 1952, and I arrived there at about 8:00 or 8:30. Mr. Dillender resided in the Southeast part of Martinsville, and I had no previous acquaintance with him. I was accompanied by Officer Lingle and the deputy sheriff, and when we arrived we went into the Dillender home and found the body of Robert Dillender lying on the living room floor, and he was dead. Upon examination, I found a gunshot wound in his chest. I was later directed to the body of his wife, Margaret Dillender, lying in some bushes on the south side of the second house down the street, about 100 to 120 feet from the Dillender home, and she was dead from a gunshot wound in her abdomen. Upon inspection of the Dillender home, we found a 32-20 revolver that was jammed and some empty shell cases for it on the back porch, a 32 caliber slug and empty shell in the kitchen, and a 32 caliber automatic in the living room about a foot from Mr. Dillender's feet. There was some blood in the bedroom and on the bed and more blood on the living room floor. The bodies were removed and I caused

autopsies to be performed by Dr. Leon Gray the next day. The autopsies showed Mr. Dillender had a 32-20 caliber gunshot wound in his chest which followed his ribs on left side and landed below left scapula, and Mrs. Dillender had wound on left side of body just below ribs and another on the right side just above ilac crest, both wounds being caused by same 32-20 caliber bullet. Mr. Dillender also had another wound that pierced his heart and left lung, this wound being fatal, but in my opinion, his first wound wasn't. Mrs. Dillender's wound would, in my opinion, be a fatal wound, having pierced the inner or vena cava, a large vein, and there was considerable blood in her abdomen, and blood in his thorax around the lungs. My finding as coroner was that she died of gunshot wound inflicted by Robert Dillender, and that he died of gunshot wound inflicted by himself. I have had some experience dealing with the human body, before and after death, and made some study of human anatomy and effects of various acts upon the body, and I have been coroner for four years. In my opinion, the movements made by Mrs. Dillender after wounded would shorten her life because increased heart action would cause more loss of blood. I cannot give an opinion as to whether Mr. Dillender or Mrs. Dillender died first. If as much as five minutes elapsed between the shootings, it would be possible for Mr. Dillender to survive.

"E. C. Holmes: Cross-examination.

"From the nature of the wounds, in my opinion, Mr. and Mrs. Dillender would have lived about same length of time after being shot. Mr. Dillender's heart was pierced and he would not live long. He moved from bedroom to living room after being shot. Mrs. Dillender died from bleeding, since there were no vital organs pierced. I am not qualified to say whether the piercing of Mr. Dillender's heart would stop the heart action. The fact that Mrs. Dillender moved the distance of 120 feet indicates she did not have an immediately fatal wound and lose control of her faculties, and from the facts I have I could not tell how long she lived. It would be possible for a

person wounded like Mrs. Dillender to live quite some time.

"E. C. Holmes: Re-Direct Examination.

"From the way Mrs. Dillender was laying, she probably slumped from exhaustion and died shortly after."

This was all of the evidence on the subject.

It is well settled that a decision or finding must be based upon the proven facts and cannot be based upon mere guess, conjecture, surmise, possibility or speculation. *Smith, Executrix* v. *Strock, Executor* (1945), 115 Ind. App. 518, 60 N. E. 2d 157, and cases cited.

Evidence sufficient to sustain a judgment must be substantial evidence with probative value. ■ *Pennsylvania R. Co.* v. *Rizzo* (1949), 119 Ind. App. 505, 86 N. E. 2d 91, and cases cited therein.

Judge Royse, speaking for this court in *Vonville* v. *Dexter* (1948), 118 Ind. App. 187, p. 208, said:

"By probative value we mean evidence 'carrying quality of proof and having fitness ■ to induce conviction.' *Carter* v. *Commonwealth* (1932), 245 Ky. 257, 53 S. W. 2d 521."

In our opinion, the evidence set out above is not such as would convince reasonable minds that Robert Dillender survived his wife. The evidence is clearly speculatory, and, therefore, cannot sustain the judgment herein.

We believe that §6-251, Burns' 1953 Replacement, as follows:

"Simultaneous death—Survivorship—Evidence— Descent of property.—Where the title to property or the devolution thereof depends upon ■ priority of death and there is no sufficient evidence that the persons have died other-

wise than simultaneously, the property of each person shall be disposed of as if he had survived, except as provided otherwise in this act."

is applicable to the facts as disclosed by this record.

Judgment reversed with instructions to sustain appellants' motion for new trial.

Kendall, J.—Dissents with opinion in which Kelley, C. J., concurs.

### DISSENTING OPINION

KENDALL, J., Dissenting. — I am unable to agree with the majority opinion. It seems to me to reach the decision that the majority has, that this court has weighed the evidence.

I agree with that portion of the majority opinion which is as follows:

"The sole question for this court to determine in deciding the correctness of the decision of the trial court is whether or not there is evidence of probative value that Mrs. Dillender died prior to Mr. Dillender."

In arriving at the answer to that query, I am guided by the general rule that where the evidence is conflicting, the reviewing court will consider only the evidence most favorable to the party in whose favor the judgment was rendered. *Deep Vein Coal Co.* v. *Dowdle* (1946), 224 Ind. 244, 66 N. E. 2d 598.

The evidence most favorable to the appellee was that the body of Robert Dillender was found lying on the living room floor, dead. The body of Mrs. Dillender was found lying in some bushes on the south side of the second house down the street about one hundred to one hundred and twenty feet from the Dillender home, dead from a gunshot wound in her abdomen. In the Dillender home a 32-20 revolver was found which was jammed and empty shells found on the back porch. A

32 caliber automatic was found in the living room about a foot from Mr. Dillender's feet; that at first two shots were heard by neighbors and within ten to twelve minutes, two more shots were heard. One of the neighbors heard Mrs. Dillender say, "Oh, Bob, don't do that," and then heard the second shot. There was evidence that Robert Dillender had two wounds, but, in the opinion of the coroner, the first one was not fatal; that the fact that Mrs. Dillender moved a distance of one hundred and twenty feet indicated she did not have an immediate fatal wound or lose control of her faculties. The trial court was not favored by either party with expert testimony; neither did the doctor testify who performed the autopsy. Thus the court was required to make his finding on this particular matter from the testimony of the coroner and the neighbors.

I believe that the evidence is of sufficient probative value from all the facts and circumstances submitted to sustain the court's finding that Robert Dillender survived Mrs. Dillender. There was evidence from which the court could and did find that Robert Dillender shot Mrs. Dillender; that she died as a result of a gunshot wound fired by him, which gun was found lying at his feet where he was found dead; that considering the location of the respective bodies, the place where the shots were fired, the elapse of time between the two groups of shots are indicative that he survived her by not less than five minutes.

In view of the general rule as given herein, we cannot substitute our opinion for that of the trier of the facts. *Brigham et al.* v. *Hubbard et al.* (1888), 115 Ind. 474, 17 N. E. 920.

I recognize the rule of law that evidence that will support a finding must be of substantial and probative value. *Pennsylvania R. Co.* v. *Rizzo* (1949), 119 Ind.

App. 505, 86 N. E. 2d 91. Considering that rule of law with the testimony which the court had before him, it is my opinion that the testimony was substantial and had sufficient probative value to support the findings of the trial court. *American Steel, etc., Co.* v. *Carbone* (1915), 60 Ind. App. 484, 109 N. E. 220. It is equally well settled that this court cannot weigh the evidence for the purpose of determining the preponderance of the evidence. *Isler* v. *Bland* (1888), 117 Ind. 457, 20 N. E. 303. A preponderance of the evidence is determined not, of course, by the greater number of witnesses but by the greater weight of the evidence. The trial court heard the witnesses, observed their manner of conduct and found adversely to the appellant in this case. Having done so estops this court from weighing the same and reversing the decision thereof.

This court recently held in the case of *Mellen* v. *Knotts* (1954), 125 Ind. App. 113, 121 N. E. 2d 435 (Transfer Denied), that a reviewing court cannot substitute its judgment for that of the trial court as to what facts were established by the evidence where the finding of a trial court, sitting without a jury, is supported by at least some evidence.

Courts are not free to re-weigh the evidence and set aside the verdict, be it the court or jury, merely because the court trying this case could have drawn different inferences or conclusions or because judges feel that other results are more reasonable. *Tennant* v. *Peoria & Pekin Union Railway Co.* (1944), 321 U. S. 29, 64 S. Ct. 409, 412, 88 L. Ed. 520. See also *Dowler* v. *New York, Chicago & St. Louis Railroad Co.* (1955), 5 Ill. 2d 125, 125 N. E. 2d 41

The same rule could apply to the instant case being tried by the court. On the belief of the general ruling

and authorities cited, I believe the judgment should be affirmed.

Kelley, P. J., concurs in dissent.

NOTE.—Reported in 125 N. E. 2d 812.