405 F.2d 1037
 UNITED STATES of America ex rel. George L. SPEARS, E-7065, Appellant,
v.
Alfred T. RUNDLE, Superintendent, State Correctional Institution, Graterford, Pennsylvania.
 No. 17291.
 United States Court of Appeals Third Circuit.
 Argued November 21, 1968.
 Decided January 15, 1969.
 
 Melvin M. Dildine, Asst. Defender, Philadelphia, Pa. (John W. Packel, Asst. Defender, Herman I. Pollock, Defender, Philadelphia, Pa., on the brief), for appellant.
 Roger F. Cox, Asst. Dist. Atty., Philadelphia, Pa. (James D. Crawford, Asst. Dist. Atty., Chief, Appeals Division, Richard A. Sprague, First Asst. Dist. Atty., Arlen Specter, Dist. Atty., Philadelphia, Pa., on the brief), for appellee.
 Before GANEY, FREEDMAN and SEITZ, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM.
 
 
 1
 The District Court, after hearing testimony and argument in a habeas corpus proceeding attacking appellant's detention by the State, ruled that he was entitled to a Jackson v. Denno[1] type hearing before a statement signed by him could be admitted into evidence against him on an aggravated robbery of a savings association charge.[2] The State did not appeal from that ruling. Regarding appellant's contention that he was denied effective assistance of counsel at the trial of the aggravated robbery charge, the District Court held that he was not entitled to a new trial but was entitled to one only if his signed statement is later found in a Jackson v. Denno type hearing to have been involuntarily given. He has appealed from this ruling.
 
 
 2
 The District Court also ruled that appellant had exhausted his State post conviction remedies.[3] The State agrees with this ruling. There is a possibility that the statement may be found or conceded to have been given and signed involuntarily and appellant entitled to a new trial on the charge of aggravated robbery in which the State will not have the benefit of that statement. In such a trial the issue of effective assistance of counsel would be moot, and any decision thereon unnecessary. There is also a likelihood that the statement will be found to have been voluntarily given. In the latter eventuality, the issue of effective assistance of counsel would then be ripe for decision. However, in view of Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (May 20, 1968),[4] we think it better to answer appellant's Sixth Amendment claim now.
 
 
 3
 Appellant asserts that he was denied effective assistance of counsel at his trial by reason of the short time between his first meeting and discussion with his court appointed counsel and the time of trial. He maintains the time was too short because he did not have time to inform counsel about the circumstances surrounding his giving and signing a statement at a police station after he was arrested, which was later admitted into evidence against him at his trial on Bill of Indictment No. 1549, and to contact three possible alibi witnesses to testify in his behalf at his trial. The first reason has been removed by virtue of the District Court's ruling. Concerning the second, we agree with the District Court when it said: "Any prejudice resulting from the short time between counsel's appointment and the trial was mitigated when additional time to get witnesses was allowed." 268 F.Supp. 691, 700 (E.D.Pa.1967).
 
 
 4
 At the beginning of the trial on April 21, 1964, counsel immediately moved for a continuance in order that he might have time to prepare for trial, but his motion was denied. In the State's case, a witness was positive that appellant and one Olin Richard Davis, a co-defendant, were present at the site of the attempted holdup of a savings association on December 23, 1963, and that they dropped their headgear in fleeing from the place when he fired a gun; a detective identified the two caps (one of them fitted appellant) as having been found at the scene of the crime; a police officer read into evidence a statement signed by appellant and consisting of his answers to a series of questions put to him by the police immediately after his arrest about the attempted holdup. In defense, appellant took the stand and testified that he was not at the scene on December 23, 1963, but was ill in bed from December 16, 1963, to January 3, 1964, that this could be verified by three witnesses, including his parole officer, who were not called because of lack of time; that he was coerced into signing the statement; and that he had insufficient time to consult with counsel in the preparation of his defense. Before a verdict was rendered by the court, sitting without a jury, appellant changed his plea of "not guilty" to guilty to the bill of indictment No. 1549 upon which he was being tried, and also to others, including No. 1555. Three days later, he was permitted to withdraw his pleas of "guilty" on all the indictments. His trial on No. 1549 was continued to May 4, to give him time to get his alleged alibi witnesses. He was offered the services of the Philadelphia police and the County detectives to help locate the "witnesses". These services were unable to find any of the persons named by appellant.
 
 
 5
 Immediately before the State presented any evidence at the trial on May 4, 1964, appellant's counsel moved for a continuance because the appellant felt that he did not have time to adequately prepare a defense. (Appellant's Appendix, p. 115a.) The motion was denied. The State, in addition to offering into evidence the testimony and exhibits which it presented at the trial on April 21, called co-defendant Owen R. Davis to the stand, and he testified that he pled guilty to the offense of aggravated robbery of a savings association on December 23, 1963, and that appellant had participated in that crime. At the conclusion of the State's case, appellant's counsel again moved for a mistrial. His motion was refused. Appellant, relying on the defense presented on April 21, offered no evidence at this trial. Although appellant was given mailing privileges at his place of detention, he made no attempt to write to possible defense witnesses. The court, sitting without a jury, found him guilty. It sentenced him on May 29, to a term of seven and one-half to twenty years in jail, to be served after the expiration of his sentence of five to ten years on another charge (No. 1555).
 
 
 6
 We are satisfied that the State offered enough evidence to rebut any presumption of injury which might have initially arisen from the appointment of counsel not sufficiently in advance of trial to permit appellant to have prepared his case in a reasonably thorough manner. See United States ex rel. Mathis v. Rundle, 394 F.2d 748, 753 (C.A.3, 1968).
 
 
 7
 The order of the District Court will be affirmed.
 
 
 
 Notes:
 
 
 [1]
 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (June 22, 1964)
 
 
 [2]
 268 F.Supp. 691, 694-696 (E.D.Pa. May 19, 1967)
 
 
 [3]
 Appellant appealed from the judgment of sentence. See Commonwealth v. Spears, 205 Pa.Super. 731, 208 A.2d 485 (April 9, 1965), affirming per curiam. His petition for an allowance of an appeal to the Supreme Court of Pennsylvania was denied on July 26, 1965, No. 92-A Misc. Docket, No. 14
 
 
 [4]
 In this case Mr. Chief Justice Warren said regarding the premature doctrine issue there, "Common sense dictates that prisoners seeking habeas corpus relief after exhausting state remedies should be able to do so at the earliest practicable time." 391 U.S. at 64, 88 S.Ct. at 1554