**Willie HOUSTON, Petitioner,**

v.

**E. P. PERINI, Superintendent Marion Correctional Institution, Respondent.**

**No. C72-36.**

United States District Court,
N. D. Ohio, W. D.

Sept. 13, 1972.

Norman G. Zemmelman, Toledo, Ohio, for petitioner.

Jeffrey L. McClelland, Asst. Atty. Gen., Columbus, Ohio, for respondent.

## OPINION

DON J. YOUNG, District Judge:

This case came to be heard upon a petition for a writ of habeas corpus. Petitioner is presently incarcerated in the Marion Correctional Institution, Marion, Ohio. The petitioner has assigned four grounds in support of his petition.

The third ground relates to a denial of representation by counsel during certain critical stages (pre-trial interrogation, pre-trial confrontation, and the preliminary hearing) of the proceedings against the petitioner. Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932).

The fourth ground asserts that petitioner has not been credited for the thirty (30) months served in the Cuyahoga County Jail pending the outcome of his appeal from the judgment of conviction. Workman v. Cardwell, 338 F.Supp. 893 (N.D.Ohio E.D.1972).

The first and second grounds are similar and contend that the petitioner has been convicted of a crime and punished without any evidence that a crime was committed or that he committed the crime. Thompson v. City of Louisville, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960).

■ Petitioner is a state prisoner having been convicted of rape of a female under the age of twelve in violation of § 2905.02, Ohio Revised Code, and is presently serving a life sentence. Petitioner has exhausted his state remedies within the meaning of 28 U.S.C. § 2254(b).

## I.

The first and second claims raised by petitioner are essentially that his conviction is so totally devoid of evidentiary support as to deny him due process under the Fourteenth Amendment. Examination of the record reveals that the conviction was based on two grounds:

First, written statements made by the alleged victims to the police prior to the trial and

Second, on medical testimony by two doctors at the trial.

The written statements of the victims included averments that they had been raped and directly implicated petitioner. One day prior to the trial the prosecuting witnesses informed the prosecutor that their prior statements were false, that there was no rape, and that the statements were made to revenge a punishment imposed upon them by petitioner. At the trial the prosecuting witnesses testified to essentially what they informed the prosecuting attorney on the previous day. The prosecuting attorney then offered the witnesses' prior statements, which implicated the petitioner, as substantive evidence.

■ Under well established law, a prior inconsistent statement of a witness does not constitute substantive evidence in a criminal trial. Hurley v. State, 46 Ohio St. 320, 21 N.E. 645 (1888). Such evidence may be used to refresh a witness's recollection, State v. Duffy, 134 Ohio St. 16, 15 N.E.2d 535 (1938), or in a proper situation to impeach the credibility of the witness but not as substantive evidence, Hurley v. State, *supra.* The Ohio Supreme Court has recently reaffirmed this view in State v. Dick, 27 Ohio St.2d 162, 271 N.E.2d 797 (1971), in which quoting from State v. Duffy, *supra,* the court stated:

This court has long adhered to the principle that "when taken by surprise by the adverse testimony of its own witness, . . . the state may

interrogate such witness concerning his prior inconsistent . . . statement . . . for the purpose of refreshing the recollection of the witness, but *not for the purpose of offering substantive evidence against the accused."* [Emphasis original] State v. Dick, *supra* at 165, 271 N.E. 797, 799. See also State v. Minneker, 27 Ohio St.2d 155, 271 N.E.2d 821 (1971).

Since the statements of the alleged victims are not proper as substantive evidence, there remains only the medical testimony to support the conviction. Read in its best light the testimony proves that the petitioner had an infectious disease that is normally transmitted by sexual contact, that the alleged victims had a vaginal discharge, that such discharge is abnormal for a person of the victims' age and that the cause of the discharge can be contracted by sexual intercourse. But the testimony fails to prove that petitioner transmitted his infectious disease to the alleged victims causing the discharge. Rather, both doctors testified that it is impossible for them to tell the specific cause of the victims' discharge or if it was caused by the alleged sexual intercourse between the petitioner and the victims.

■ Respondent correctly points out that questions relating to the weight and sufficiency of evidence are not cognizable in federal habeas corpus when brought by a state prisoner. Ballard v. Howard, 403 F.2d 653 (6th Cir. 1968); Fernandez v. Klinger, 346 F.2d 210 (9th Cir.), cert. denied, 382 U.S. 895, 86 S.Ct. 191, 15 L.Ed.2d 152 (1965). Where, however, the record is totally devoid of evidentiary support, a violation of the due process clause of the Fourteenth Amendment will be found. Gregory v. Chicago, 394 U.S. 111, 89 S.Ct. 946, 22 L.Ed.2d 134 (1969); Garner v. Louisiana, 368 U.S. 157, 82 S.Ct. 248, 7 L.Ed. 2d 207 (1961); Thompson v. Louisville, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960). Therefore, petitioner's claim that his conviction is without any evidentiary support is properly brought before this Court, and it is within the Court's jurisdiction, in a habeas corpus proceeding, to determine if the conviction is evidentiarily supported.

■■ The mere fact that evidence is introduced does not in itself support a conviction. The evidence must also have some probative value. United States ex rel. Springle v. Follette, 435 F.2d 1380 (2nd Cir. 1970), cert. denied sub nom., Springer v. Zelker, 401 U.S. 980, 91 S. Ct. 1214, 28 L.Ed.2d 331 (1971). Therefore, the state must offer evidence which carries "the quality of proof and [has] fitness to induce conviction of truth." Globe Indemnity Co. v. Daviess, 243 Ky. 356, 47 S.W.2d 990, 992 (1932). See also, Carter v. Commonwealth, 245 Ky. 257, 53 S.W.2d 521 (1932). Since the alleged victims' prior statement cannot be considered as substantive in petitioner's trial, the conviction must stand or fall on the medical testimony. This Court finds that it must fall. The testimony states that petitioner had an infectious social disease and the alleged victims had a discharge which may or may not have been contracted by sexual contact. On this basis, the medical testimony alone cannot support a conclusion that the victims contracted the cause of their discharge through sexual intercourse. To conclude that the petitioner caused the discharge because he had an infectious disease is one step farther removed and without logical or evidentiary support. Therefore, since the medical testimony is the only basis to support the conviction, the conviction is entirely lacking in evidence to support a conviction within the meaning of Thompson v. Louisville, *supra*.

## II.

Because of the disposition of this issue, it is not necessary for the Court to review the petitioner's third and fourth claims in support of his petition.

It appearing to the Court that petitioner is entitled to the relief sought, the writ of habeas corpus shall issue, and an order will be entered in accordance with the foregoing opinion.