Henry SPEIGNER, Petitioner,

v.

Arnold JAGO, Supt., Respondent.

No. C76–430.

United States District Court,
N. D. Ohio, W. D.

March 9, 1978.

Elliot R. Levine, Berger & Kirschenbaum, Cleveland, Ohio, for petitioner.

Simon B. Karas, Asst. Atty. Gen., State of Ohio, Columbus, Ohio, for respondent.

## MEMORANDUM OPINION AND ORDER

BATTISTI, Chief Judge.

Petitioner was convicted of second degree murder in the shooting death of one William Bell. Medical evidence established the time of death as late on June 25 or early on June 26 of 1973. The victim was found dead on a street in Cleveland, Ohio after an unidentified woman tipped off a nearby workman, who then called police.

Petitioner was a passenger in the victim's car on June 26, 1973. Highway patrolmen stopped the car as an "unsafe vehicle" outside Youngstown, Ohio. When the driver could not produce registration and was found to be a parole violator, he was held by police. Petitioner was freed in Youngstown and there was some evidence that he returned to Cleveland the same morning.

Police found a sawed-off shotgun in the victim's car under the front seat. The victim had been shot with a shotgun, as well as with a .32 caliber gun. The sawed-off shotgun was not linked in any way to the

death, and the .32 caliber gun was never found. There was dried blood of the same type as the victim's on the back seat of the car. Fingerprints of both the defendant and the victim were found on the car. The victim's briefcase was in the car trunk, containing checks made out to him and legal papers to be filed by him in the course of his job as a legal docket clerk.

The driver and petitioner told the highway patrolmen they had rented the victim's car from him for $15.00. The victim's father testified that he had refused to loan the car even to his brothers. One of his employers testified that he needed the car for his job.

Petitioner's first contention, that his conviction was totally devoid of evidentiary support, is dispositive. Therefore, the Court finds it unnecessary to address his second and third arguments.

■ A conviction devoid of evidentiary support is violative of the Due Process Clause of the fourteenth amendment. *Vachon v. New Hampshire,* 414 U.S. 478, 480, 94 S.Ct. 664, 38 L.Ed.2d 666 (1973); *Houston v. Perini,* 348 F.Supp. 6, 8 (N.D.Ohio 1972); *United States ex rel. Spears v. Rundle,* 268 F.Supp. 691, 700 (E.D.Pa.1967), *aff'd,* 405 F.2d 1037 (3rd Cir. 1969). The case against petitioner was composed entirely of circumstantial evidence. Of course, a jury may consider circumstantial evidence and weigh it in any way it wishes. However, to find guilt in this case, the jury must have made a series of double inferences, basing one inference upon another. Where one inference is based not upon fact, but only upon conjecture or speculation, and the prosecution's case is composed entirely of these inferences, there must be reasonable doubt of the defendant's guilt, and therefore, the prosecution has not proven its case. *Cf., United States v. Ravich,* 421 F.2d 1196, 1204 n. 10 (2d Cir.), *cert. den'd,* 400 U.S. 834, 91 S.Ct. 69, 27 L.Ed.2d 66 (1970).

The prosecutor's theory of the case, which evidently assumed (without evidentiary basis) that petitioner and the driver of the victim's car had robbed and beaten Bell, shot him, and stolen his car, is one explanation for the facts that were proven. It would, however, be equally reasonable to infer that a third person killed Bell in a fight since there is no evidence, direct or circumstantial, connecting petitioner to the time or place of the crime. The defense's failure to set forth an alternative theory does not mean that the facts "are consistent only with the theory of guilt and irreconcilable with any reasonable theory of [petitioner's] innocence." *State v. Kulig,* 37 Ohio St.2d 157, 160, 309 N.E.2d 897, 899 (1974).

■ In accordance with Ohio law, the trial judge charged the jury that the prosecutor was required to prove that "a person, that is, the Defendant, committed the crime as described to [the jury]." TR. 379–80. However, since there was simply no proof of this element of the crime, the jury should not have been permitted to consider it. Without proof of each and every essential element of the crime charged, the state has not met its burden of proof under Ohio law. *State v. Ellis,* 61 Ohio L.Abs. 434, 105 N.E.2d 65 (Ct.App.Franklin Cty. 1951). A conviction which does not satisfy the state standard certainly fails to afford the due process guaranteed by the fourteenth amendment to the federal constitution.

Therefore, upon consideration of the briefs of counsel, the transcript of petitioner's trial, and the applicable law cited herein,

IT IS ORDERED that the writ of habeas corpus shall issue. The petitioner shall be released unless within 90 days of this Order the State begins new trial proceedings against him.