## Robinette v. Norfolk & W. Ry. Company.

(Decided May 9, 1933.)

ROSCOE VANOVER, Jr., A. F. CHILDERS and RANSOM HATFIELD for appellant.

JOHNSON & HINTON for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

This is an appeal from a judgment sustaining a demurrer to, and dismissing, the petition as amended.

Briefly stated the facts pleaded are these: The railway company operates a line of railroad through Pike county. On August 9, 1930, Robinette was in its employ and was engaged in loading ties into one of its cars. The ties were heavy and it was necessary for him to raise them above his head. The labor of loading them was strenuous, and caused his hands and body to perspire freely. The ties had been soaked in creosote or other poisonous substance, and in handling them they came in contact with his person and the creosote or other poisonous substance burned and irritated his

arms and other portions of his body, thereby impairing his general health and causing him much pain and suffering, loss of time, etc., to his damage in the sum of $2,540. He had not theretofore had any experience in loading creosoted ties and did not know of the danger incident thereto. The company's agents and servants knew, or by the exercise of ordinary care could have known, of the danger, but failed to warn him of the danger or to tell him that the ties had been dipped in or covered with a poisonous or dangerous substance, or that he was liable to be injured by handling them.

The demurrer was sustained on the ground that Robinette assumed the risk. The doctrine of assumed risk proceeds on the theory that the servant has actual or implied notice of the risk. Hence, if the danger is known and appreciated by the servant, or is so obvious that a person of ordinary prudence in his situation would have known and appreciated it, he assumes the risk and no warning is required. On the other hand, if the danger is latent, and unknown to the servant, but is known to the master or is discoverable by the exercise of ordinary care, it is the duty of the master to warn the servant of the danger so that he may take the necessary steps to protect himself against it. Hines v. Thurman, 195 Ky. 394, 242 S. W. 357. It cannot be said that the danger of external burns from creosoted ties is a matter of such common knowledge, or is so obvious that any grown man of average intelligence would know that he would be burned if he came in contact with the ties. On the contrary, there is nothing in the appearance of creosoted ties to indicate any likelihood of injury, and a jury might well conclude that the danger was latent and therefore such as to impose on the master the duty of warning an inexperienced servant. Indeed such was our ruling in Louisville & N. R. Co. v. Wright, 183 Ky. 634, 210 S. W. 184, 4 A. L. R. 478, where the plaintiff sued for personal injuries resulting from the handling of creosoted ties. But there is an effort to distinguish that case on the ground that it involved internal injuries resulting from breathing the fumes of creosote. Even if that were true, we can perceive no difference in principle. As a matter of fact, however, Wright sued for both external and internal injuries, and we held in substance, that he was entitled to a warning if he did not know of the danger. It follows that the petition as amended stated a cause

of action, and that the demurrer thereto was improperly sustained.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.