MRS. CLARA BOURNE. ADMINISTRATRIX OF THE ESTATE OF FREDERICK T. BOURNE, DECEASED, v. SOUTHERN RAILWAY COMPANY.

(Filed 7 March, 1945.)

1. **Master and Servant § 25—**

In a civil action to recover damages for alleged wrongful death, under Federal Employers' Liability Act, plaintiff is not entitled to recover unless her intestate at the time of his death was an employee of the defendant, acting within the scope of his employment and engaged at the time in interstate commerce.

2. **Master and Servant § 26a—**

The Federal Employers' Liability Act does not define the word "employer" or the word "employee," hence they are to be considered as having been used in the Act in their natural and ordinary sense.

3. **Same—**

Being remedial, the Federal Employers' Liability Act is to be liberally construed to advance the remedy proposed, but it applies only when the relation of master and servant exists.

4. **Same—**

Where an experienced locomotive engineer, employed by defendant for about eighteen years, is given a permit, under the company's rules, to ride an engine for the one and only purpose of learning that portion of the track, roadbed, sidings, curves and changes thereon, so that he may be eligible for assignment on that part of the road, he is not a student engineer and he is not an employee within the meaning of the Federal Employers' Liability Act, but at most a licensee.

5. **Same—**

One has no claim upon an employer, predicated on an alleged breach of duty imposed by the Federal Employers' Liability Act, where it appears that the employee was in fact injured while acting outside the scope of his employment, as for example, when voluntarily assuming to do something that the employer did not employ him to do or when doing something which the known rules of the employer forbid his doing.

APPEAL by plaintiff from *Pless, J.,* at November Term, 1944, of BUNCOMBE.

Civil action to recover under the Federal Employers' Liability Act for the alleged wrongful death of plaintiff's intestate, Frederick T. Bourne.

The facts pertinent to this appeal are as follows:

1. Mrs. Clara Bourne is the duly qualified and acting administratrix of the estate of Frederick T. Bourne, deceased.

2. Plaintiff's intestate at the time of his death was 52 years of age, of good moral habits and in good health. Mrs. Clara Bourne is the

widow of Frederick T. Bourne; Miss Barbara Bourne is his daughter, and was 14 years of age at the time of his death. Mrs. Bourne and her daughter were solely dependent upon the income earned by Mr. Bourne as an employee of the Southern Railway Company.

3. The defendant is a common carrier and operates various lines of railroad, within and without the State of North Carolina, including the line of railway between Asheville, N. C., and Murphy, N. C.

4. Plaintiff's intestate, Frederick T. Bourne, prior to his death had been a railroad engineer and had been employed by the Southern Railway Company as such over a long period of time. He had operated engines from Asheville to Bryson City, a distance of about 65 miles from Asheville and about 47 miles from Murphy; but he had not operated an engine from Bryson City to Murphy, for about 4 years prior to 7 April, 1941.

5. A rule of the defendant company was in effect on 7 April, 1941, as follows: "Enginemen—1323. They must not leave their engines while on duty except in case of necessity, and then only in the care of the fireman. They must not leave them while on the main track, except to perform duties required by the rules."

6. Plaintiff's intestate, an experienced engineer, desired to be assigned as an engineer on that part of the Southern Railway System operated from Bryson City to Murphy, but under the rules of the company it was necessary for him to obtain a permit to ride an engine, in charge of a regular engineer, in order to familiarize himself with the road and observe the tracks, sidings, physical changes, if any, and conditions of the roadbed, before he could be so assigned.

7. On 7 April, 1941, plaintiff's intestate boarded train No. 17, at Asheville, and rode as a passenger to Bryson City. The train consisted of an engine, combination mail and baggage car and one passenger coach. The train was in charge of S. E. Shook, the regular conductor, and Grover C. Jackson, the regular engineer. At Bryson City, plaintiff's intestate left the passenger coach and boarded the engine, pursuant to his permit or agreement with the company, for the purpose of familiarizing himself with the road between Bryson City and Murphy.

8. Thereafter, upon the train's arrival at Nantahala, which is a flag station between Bryson City and Murphy, and approximately 4 miles east of Topton, N. C., Engineer Jackson, in violation of Rule 1323 of the defendant company, left the engine and the operation thereof in charge of plaintiff's intestate. Engineer Jackson boarded the passenger coach. Plaintiff's intestate was permitted to operate the engine, and did so for a distance of approximately 6.3 miles, to a point 2.3 miles west of Topton, at which point the engine became derailed, left the tracks and

ran into the river bed, turning over, and instantly killing plaintiff's intestate and one Zimmerman, the regular fireman on said engine.

9. Plaintiff's intestate, while employed by defendant as an engineer, prior to 7 April, 1941, received pay on a mileage basis for the time he actually served as an engineer on his regularly assigned run.

10. The defendant denies that at the time of the death of plaintiff's intestate, it was engaged in interstate commerce. When the train left Asheville, N. C., it was carrying two interstate shipments of express, one from Redbank, N. J., to Canton, N. C., the other from Lyon, N. Y., to Sylva, N. C. Both shipments were duly delivered on 7 April, 1941, before plaintiff's intestate boarded the engine at Bryson City, N. C.

At the close of plaintiff's evidence, defendant moved for judgment as of nonsuit; motion allowed and plaintiff appeals to the Supreme Court, assigning error.

*Jordan & Horner and Williams & Cocke for plaintiff.*

*W. T. Joyner and Jones, Ward & Jones for defendant.*

DENNY, J. The exception to the judgment as of nonsuit, entered by the court below, cannot be sustained unless each of the following questions can be answered in the affirmative: 1. Was plaintiff's intestate, at the time of his death, an employee of the defendant? 2. If so, was he acting within the scope of his employment? 3. Was the defendant engaged in transporting goods in interstate commerce at the time of the death of plaintiff's intestate?

The plaintiff is not entitled to recover, under the Federal Employers' Liability Act, unless her intestate at the time of his death was an employee of the defendant, acting within the scope of his employment and the defendant at the time was engaged in interstate commerce. *Erie R. Co. v. Welsh,* 242 U. S., 302, 61 L. Ed., 319; *Illinois Central R. Co. v. Behrens,* 233 U. S., 473, 58 L. Ed., 1051; 39 C. J., sec. 402, p. 276; Roberts Federal Liabilities of Carriers, Vol. 2 (2d Ed.), sec. 723, p. 1366; *Myers v. R. R.,* 162 N. C., 343, 78 S. E., 280; *Zachary v. R. R.,* 156 N. C., 496, 72 S. E., 858, 232 U. S., 248, 58 L. Ed., 591; 35 Am. Jur., sec. 515, p. 943; 39 C. J., sec. 384, p. 263, *et seq.*

In considering the first question, it will be noted the Federal Act does not define the word "employer" or the word "employee," hence they are to be considered as having been used in the Act in their natural and ordinary sense. *Hull v. Philadelphia & R. Ry. Co.,* 40 S. Ct., 328, 252 U. S., 475, 64 L. Ed., 670; *Macgruder, Collector, v. Yellow Cab Co. of D. C.* (D. C., Md.), 1943, 49 Fed. Suppl., 605, 141 F. (2d), 324. The Act, "being remedial, is to be liberally construed to advance the remedy proposed, but it applies only when the relation of master and servant

exists." 39 C. J., sec. 385, p. 266; 35 Amer. Jur., sec. 432, p. 849; *Chesapeake & O. Ry. Co. v. Harmon,* 173 Ky., 1, 189 S. W., 1135; *Pittsburgh C., C. & St. L. Ry. Co. v. Parker,* 19 A. L. R., 751, 132 N. E., 372, 191 Ind., 686; *Payne v. Lind,* 138 N. E., 366, 106 Ohio St., 14; *Wagner v. Chicago & A. R. Co.,* 106 N. E., 809, 265 Ill., 245; *Byram v. Illinois Central R. Co.,* 154 N. W., 1006, 172 Iowa, 631.

The fact that plaintiff's intestate was an engineer, employed by the Southern Railway Company to operate an engine over the Asheville-Murphy Branch, between Asheville and Bryson City, and had been so employed for a long time prior to 7 April, 1941, does not necessarily establish the relation of master and servant between him and the defendant at the time of his death. The evidence on this record establishes the fact that plaintiff's intestate was riding the engine on Train No. 17, on 7 April, 1941, pursuant to a permit issued by the company, in order that he might qualify for a position as engineer on that part of the Asheville-Murphy Branch, between Bryson City and Murphy. He was in no sense a student engineer. He was an experienced engineer and had been employed by the Southern Railway Company for approximately eighteen years. He needed no instructions in the operation of an engine. He was present for one purpose and one purpose only—"to learn the road." For it is admitted that he "was riding said engine for the purpose of acquainting himself with the road, the curves, sidings and any changes that had been recently made in connection with the roadbed." If he had been qualified and authorized to operate the engine, under the rules of the company, it would have been unnecessary for him to obtain a permit and make this trip, in order to become eligible for assignment as an engineer on that part of defendant's road.

In view of the above facts, we do not think the decisions relative to student engineers and firemen, relied upon by the appellant, are controlling here. In *Brown v. R. I. & P. Ry. Co.,* 286 S. W., 45, 315 Mo., 409, a student fireman was held to be an employee under the Federal Employers' Liability Act, because he was subject to the orders of the engineer and fireman, and was required to perform such duties as were assigned to him, although he received no compensation. But in the case of *Chesapeake & O. Ry. Co. v. Harmon, supra,* the Supreme Court of Kentucky held that a student fireman, who received no wages or other return except information for his services, performed by virtue of a permit to ride on the engine only of defendant's trains at his pleasure, although an employee, and entitled to a reasonably safe place to work while performing his duties contemplated by the assignment, was not an employee within the meaning of the Federal Employers' Liability Act, when killed after he had abandoned his duties as a student fireman and was riding in the caboose.

We do not think, under the facts presented on this record, plaintiff's intestate was an employee of the defendant on 7 April, 1941, within the meaning of the Federal Employers' Liability Act, but at most was a licensee under and by virtue of his permit. He had no duties to perform for or on behalf of the company in connection with the operation of the train, and the engineer was without authority to engage his services for any purpose, except in case of an emergency. *Vassor v. R. R.,* 142 N. C., 68, 54 S. E., 849. The rules of the company, with which plaintiff's intestate was familiar, provided that the regular engineer, while on duty, must not leave his engine except in case of necessity, and then only in care of the fireman. The evidence shows no necessity or emergency requiring the absence of the regular engineer. Furthermore, there is no evidence to the effect that plaintiff's intestate was to receive any compensation or other return for making the trip, save and except the information he would obtain for his own benefit.

Moreover, conceding, but not deciding, that plaintiff's intestate was an employee, we think the second question presented should also be answered in the negative. For, as stated in 35 Am. Jur., sec. 437, p. 852: "It may be conceded that one has no claim upon an employer predicated upon a claim of the breach of a duty charged upon the employer by the Employers' Liability Act where it appears that the employee was in fact injured while acting outside the scope of his employment, as where he is injured while voluntarily assuming to do something that the employer did not employ him to do," citing *Roebuck v. Atchison, T. & S. F. Ry. Co.,* 99 Kan., 544, 162 P., 1153, L. R. A. 1917 E. 741; *Mellor v. Merchants' Mfg. Co.,* 150 Mass., 362, 23 N. E., 100, 5 L. R. A., 792; *Elliott v. Payne,* 293 Mo., 581, 239 S. W., 851, 23 A. L. R., 706; *Myers v. Norfolk & W. Ry. Co.,* 162 N. C., 343, 78 S. E., 280, 48 L. R. A. (N. S.), 987; *Curtis & G. Co. v. Pribyl,* 38 Okla., 511, 134 P., 71, 49 L. R. A. (N. S.), 471; *Griffin v. Baltimore & O. Ry. Co.,* 98 W. Va., 168, 126 S. E., 571, 40 A. L. R., 1326. See also 39 C. J., sec. 390, p. 269, and the cases there cited. In the instant case it will be noted that plaintiff does not even contend that her intestate was employed to do what he did do. We think his very presence on the engine under a permit, obtained for the purpose of observing the road, is evidence of the fact that he was not authorized by the defendant to act as engineer on that trip. He knew he was without authority, under the express rules of the company, to assume the duties of the engineer at the time and place he did assume them. Hence, the defendant is not answerable in damages for his death under the provisions of the Federal Employers' Liability Act.

Having reached the conclusions set forth herein, we deem it unnecessary to consider whether or not the defendant was engaged in interstate commerce at the time of the death of plaintiff's intestate.

We think the judgment as of nonsuit was properly entered.

Affirmed.