Franklin L. Dowler, Plaintiff-Appellee, v. The New York, Chicago and St. Louis Railroad Company, Defendant-Appellant.

Gen. No. 9,906.

1

Opinion filed March 9, 1954. Rehearing denied April 19, 1954. Released for publication April 19, 1954.

HARVEY GROSS, of Paris, and POPE & DRIEMEYER, of East St. Louis, for appellant.

LAWRENCE B. MOORE, and GEORGE W. MOORHEAD, both of Paris, for appellee.

MR. JUSTICE CARROLL delivered the opinion of the court.

This action was brought under the Federal Employ-ers' Liability Act to recover damages for personal in-juries allegedly sustained by plaintiff in the course of his employment by the defendant. A jury trial resulted in a verdict in the sum of $8,000. The trial court, after denying motions for judgment notwithstanding the ver-dict, and for a new trial, entered judgment for plaintiff on the verdict and the defendant appeals from such judgment.

It is the defendant's principal contention that the plaintiff has failed to prove that his injuries were prox-imately caused by its negligence, and therefore the trial court should have directed a verdict in its favor.

There appears to be no serious dispute as to the facts constituting the occurrence in question. Plaintiff, who was employed by the defendant as a section hand on an extra gang repairing railroad tracks, suffered a third-degree burn on the back of his right leg. The injury was sustained on January 31, 1948, at which time plaintiff was 21 years of age. Previous to his em-ployment by the defendant, he had worked on steel

construction, as a carpenter, as a section hand on another railroad, and had served 22 months in the Army. For 2 or 3 days previous to his injury, plaintiff had been carrying a bucket containing hot creosote, which was applied with a brush to railroad ties by a fellow employee. In this operation the creosote was slopped upon the plaintiff's overalls. Plaintiff had no previous experience in handling creosote, nor had he been given any instructions as to its handling, and he knew nothing concerning its properties. On the day of the injury, the temperature was 3 degrees below zero, and plaintiff and other employees were engaged in spreading materials along the right of way preparing for the following week's work. Plaintiff was then wearing the same overalls upon which creosote had been spilled the day or two previous, and which had not been washed. Under the overalls, the plaintiff was wearing riding pants, another pair of pants, a shirt, overall vest coat, and sheepskin. He also wore a pair of hightop boots and overshoes. There was no shelter provided by the defendant on the right of way where plaintiff was working. In order to warm himself, plaintiff gathered weeds and built a fire, which he ignited with a cigarette lighter. The plaintiff, in warming himself, stood so close to the fire that his overalls became ignited. The right leg of plaintiff's overalls was burned, and the trousers worn underneath were scorched. The back of plaintiff's leg was severely burned. It was the opinion of a doctor that the burn was caused by heated creosote fumes from the burning overalls penetrating through the cloth of the garments worn underneath and onto the skin of the plaintiff.

The negligence with which the defendant is charged in plaintiff's amended complaint is that defendant negligently failed to provide safe conditions of employment in that (1) It did not warn plaintiff of the dangerous properties of creosote; and (2) It permitted or

4

required plaintiff to work outside in sub-zero temperature without providing shelter, and did not warn the plaintiff of the danger of warming himself before an open fire while wearing creosote-saturated clothing. The amended complaint further avers that as the sole and direct proximate result of defendant's negligence, the plaintiff suffered the injury of which he complains.

██ As to what constitutes negligent conduct under the Federal Employers' Liability Act must be determined according to common-law principles. *Urie v. Thompson,* 337 U. S. 163. The duty of the employer under the Act is to use reasonable care to furnish its employees a safe place in which to work. When an employer does that which a reasonably prudent person would do under the same or similar circumstances, he is exercising reasonable care.

██ The burden of proving the alleged negligence of the defendant and that it was the proximate cause of his injury rested upon the plaintiff. If plaintiff has failed of proof fairly tending to prove either of these material elements, then it must be said that he has failed to make out a case. Liability under the Act does not extend to all cases of injury arising out of and in the scope of the employment. *Larsen v. Chicago & N. W. Ry. Co.,* 171 F.2d 841; 45 U. S. Code, Title 45, chap. 2, para. 51. To determine whether plaintiff has met the requirements for recovery under the Act, appraisal of the evidence in the record is made in its aspects most favorable to the plaintiff. The basis of plaintiff's claim that defendant violated its duty to provide safe conditions of employment is that it failed to warn plaintiff of the dangers inherent in creosote. The plaintiff testified that no one gave him any instructions concerning the handling of creosote, and that he was not advised about the action of creosote on the human body. This testimony would not tend to prove plaintiff's allegation that he was injured as the result of

5

defendant's negligence unless the evidence further shows that plaintiff, as the result of handling creosote in the scope of his employment, was injured by the dangerous properties therein. From the record, it appears to be an undisputed fact that at the time of the injury, plaintiff was not engaged in handling creosote, but was spreading material on the right of way. There is no evidence in the record which directly or inferentially tends to establish that plaintiff was injured as the result of creosote coming in contact with any part of his body. Therefore, failure of the defendant to warn plaintiff concerning the effect of creosote on the human body appears to have in no way contributed to the occurrence in which plaintiff's leg was burned.

■ There is to be considered the further contention of plaintiff that his injury was a foreseeable consequence of the defendant's negligence in failing to caution plaintiff concerning the danger of exposing himself to open fires while wearing clothing saturated with creosote. The evidence is undisputed that plaintiff's overalls were ignited when he stood too close to a fire which he had started for the purpose of warming himself. There is no proof that the creosote in plaintiff's clothing caused the fire. Plaintiff was exposed to no danger because of the inflammable qualities of creosote until his clothing became ignited as the result of his own careless act. The evidence does show that the serious burn sustained by plaintiff resulted from creosote fumes emanating from the burning overalls. This does not, however, show that the fire in which the plaintiff was injured was the natural or probable consequence of anything which the defendant did or failed to do. The presence of the creosote in plaintiff's overalls was a condition of which the defendant would naturally be aware, but it does not reasonably lead to the conclusion that the defendant would therefore reasonably foresee that plaintiff would set fire to his clothing in the man-

6

ner indicated by the evidence. In order to render the issue as to whether the defendant's failure to inform plaintiff of the inflammable character of clothing saturated with creosote was the proximate cause of plaintiff's injury, a question for the jury, he was required to present evidence from which such causal relation could be reasonably inferred. *Tennant v. Peoria & P. U. Ry. Co.*, 321 U. S. 29; *Williams v. New York Cent. R. Co.*, 402 Ill. 494.

Plaintiff's evidence in this case, tending as it does to prove that the injury to plaintiff resulted from his own act independent of any violation by the defendant of its duty towards plaintiff, fails to afford any reasonable basis for the conclusion that the defendant's negligence caused the plaintiff's injury.

■ In support of the contention that there is sufficient evidence in the record to reasonably warrant the inference that the defendant's negligence proximately caused the injury complained of, plaintiff cites among other cases, *Robinette v. Norfolk & W. Ry. Co.*, 249 Ky. 93, 60 S.W.2d 344; *Waddell v. Chicago & E. I. R. Co.* (7th C. C. A.), 142 F.2d 309; *Lillie v. Thompson*, 332 U. S. 459, 92 L. Ed. 73, 68 S. Ct. 140. An examination of these cases discloses that in each instance the court held that there was sufficient evidence in the record to warrant submitting to the jury the question of the causal connection between the defendant's negligence and the plaintiff's injury. However, these decisions indicate no intention on the part of the courts to relax the rule that where a plaintiff fails to produce evidence tending to support the material allegations of his complaint, there is no triable issue of fact to submit to the jury.

The factual situation in the instant case is similar to that with which the court dealt in *Wolfe v. Henwood*, 162 F.2d 998. In that case, the clothes of the plaintiff, a section hand employed by the defendant, became sat-

7

urated with fuel oil. He used waste material soaked with gasoline to remove the oil from his clothing. He then undertook on his own initiative to burn the waste. In igniting the waste with a match, his clothes were set on fire and he was severely burned. The claimed negligence of the defendant was its failure to provide a safe place for plaintiff to work. The court affirmed the action of the trial court in granting defendant's motion for judgment notwithstanding the verdict, and in doing so had this to say: "But even if the evidence justified a finding of negligence (which it does not), there was a total failure to establish that negligence of defendant was 'in whole or in part' the cause of the injury. The plain fact is Wolfe sustained fatal injuries as a direct result of his own affirmative and voluntary act in lighting a match while he was soaked with a mixture of gasoline and fuel oil and in attempting to extinguish the flame by slapping his glove on his trousers."

The evidence in the instant case considered in its aspects most favorable to the plaintiff, with all reasonable inferences which may be drawn therefrom, does not fairly tend to prove that plaintiff's injury was proximately caused by the negligence of the defendant.

Therefore, this court concludes that the verdict of the jury is not supported by the evidence and that the judgment of the trial court should be reversed.

*Reversed.*

MR. JUSTICE HIBBS took no part in the consideration or decision of this case.