5 Ill.2d 125 (1955)
125 N.E.2d 41
FRANKLIN L. DOWLER, Appellant,
v.
THE NEW YORK, CHICAGO AND ST. LOUIS RAILROAD COMPANY, Appellee.
No. 33307.
Supreme Court of Illinois.
Opinion filed January 21, 1955.
Rehearing denied March 22, 1955.
*126 LAWRENCE B. MOORE, and GEORGE W. MOORHEAD, both of Paris, for appellant.
HARVEY GROSS, of Paris, and POPE & DRIEMEYER, of East St. Louis, for appellee.
Reversed and remanded.
Mr. JUSTICE DAILY delivered the opinion of the court:
The plaintiff, Franklin L. Dowler, filed suit in the circuit court of Edgar County under the provisions of the Federal Employers' Liability Act to recover damages for personal injuries allegedly sustained by him in the course of his employment by defendant, The New York, Chicago and St. Louis Railroad Company. A jury trial resulted in a verdict for plaintiff in the sum of $8000. The trial court, after denying motions for judgment notwithstanding the verdict, and for a new trial, entered judgment for plaintiff *127 on the verdict. Upon appeal, the Appellate Court for the Third District reversed this judgment for the reason that, in its opinion, the plaintiff had failed to prove that his injuries were proximately caused by the negligence of the defendant, and, thus, that the verdict was not supported by the evidence. (Dowler v. New York, Chicago and St. Louis Railroad Co. 2 Ill. App.2d 1, 118 N.E.2d 608.) We have granted leave to appeal to review the judgment of the Appellate Court.
Section 1 of the Federal Employers' Liability Act provides that every common carrier by railroad while engaged in interstate commerce shall be liable in damages for injury to any employee resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier. Other sections of the act abolish the defenses embodied in the rules of contributory negligence, fellow servant, and assumption of the risk. (45 U.S.C. sec. 51, 53 and 54, 45 U.S.C.A. sec. 51, 53, 54; McGivern v. Northern Pacific Railway Co. 132 Fed.2d 213.) To sustain an action under the Federal statute, it is necessary that the employee be acting in the line and scope of his employment and the employer be engaged in interstate commerce. (Halderman v. Pennsylvania Railroad Co. 53 Fed.2d 365; Southern Railway Co. v. Smith, 223 Ala. 583, 137 So. 398; Bourne v. Southern Railway Co. 225 N.C. 43, 33 S.E.2d 239.) These facts were, in this case, undisputed. In addition, a plaintiff must prove not only that the railroad was negligent, but also that such negligence contributed in whole or in part to the employee's injury. (Atchison, Topeka and Santa Fe Railway Co. v. Toops, 281 U.S. 351, 74 L.ed. 896; Northwestern Pacific Railway Co. v. Bobo, 290 U.S. 499, 78 L.ed. 462.) To warrant the submission of such a case to a jury, probative facts must be presented from which negligence and causal relation can reasonably be inferred. (Tennant v. Peoria and Pekin Union Railway Co. 321 U.S. 29, 88 L.ed. 520; *128 Sivert v. Pennsylvania Railroad Co. 197 Fed.2d 371.) Thus, the sole question here involved, is whether evidence was presented to meet these established requirements.
As stated by the Appellate Court, there appears to be no serious dispute as to the facts constituting the occurrence in question. Plaintiff, who was employed by the defendant as a section hand on an extra gang repairing railroad tracks, suffered a third degree burn on the back of his right leg. The injury occurred on January 31, 1948, at which time plaintiff was 21 years of age. Previous to his employment by the defendant, he had worked on steel construction, as a carpenter, as a section hand on another railroad, and had served twenty-two months in the army. For two or three days previous to his injury, plaintiff had been carrying a bucket containing hot creosote, which was applied with a brush to railroad ties by a fellow employee. In this operation the creosote was splashed on the plaintiff's overalls. Plaintiff had no previous experience in handling creosote, nor had he been given any instructions as to its handling, and he knew nothing concerning its properties. On the day of the injury, the temperature was three degrees below zero and plaintiff and other employees were engaged in spreading materials along the right of way in preparation for the following week's work. Plaintiff was then wearing the same overalls upon which creosote had been spilled the day or two previous, and which had not been washed. Under the overalls, the plaintiff was wearing riding pants and still another pair of pants. He also wore a pair of hightop boots and overshoes. There was no shelter provided by the defendant on the right of way where plaintiff was working. In order to warm himself, plaintiff gathered weeds and built a fire, which he ignited with a cigarette lighter. The plaintiff, in warming himself, stood so close to the fire that his overalls became ignited. The right leg of plaintiff's overalls was burned and the riding pants worn underneath were scorched. The back of *129 plaintiff's leg was severely burned and it was the opinion of a doctor that the burn was caused by heated creosote fumes from the burning overalls penetrating through the cloth of the garments worn underneath and onto the skin of the plaintiff.
The record further indicates that evidence was presented showing creosote to be a corrosive poison when in contact with the human body and that other employers, including railroads, usually and customarily instructed and warned their employees about creosote, the handling of creosote and creosoted materials, and the danger of getting near open fires with creosote on their clothing.
The right to trial by jury is a part and parcel of the remedy afforded railroad workers under the Federal Employers' Liability Act. (Williams v. New York Central Railroad Co. 402 Ill. 494.) Ordinarily, the questions of whether the employer was negligent and whether such negligence was the proximate cause of injury are for the jury to decide. However, a jury may not be permitted to speculate as to these facts. (Atchison, Topeka and Santa Fe Railway Co. v. Toops, 281 U.S. 351, 74 L.ed. 896.) When the evidence is such that without weighing the credibility of the witnesses, and after considering it in its aspects most favorable to the plaintiff, there can be but one reasonable conclusion as to the verdict, it is held that courts must determine the proceedings by a directed verdict, or otherwise, in accordance with the applicable practice without submission to the jury, or by judgment notwithstanding the verdict. Brady v. Southern Railway Co. 320 U.S. 476, 88 L.ed. 239; Bonnier v. Chicago, Burlington and Quincy Railroad Co. 2 Ill.2d 606; Huff v. Illinois Central Railroad Co. 362 Ill. 95.
On the other hand, as was stated in Tennant v. Peoria and Pekin Union Railway Co. 321 U.S. 29, 88 L.ed. 520: "It is not the function of a court to search the record for conflicting circumstantial evidence in order to take the case *130 away from the jury on a theory that the proof gives equal support to inconsistent and uncertain inferences. The focal point of judicial review is reasonableness of the particular inference or conclusion drawn by the jury. It is the jury, not the court, which is the fact-finding body. It weighs the contradictory evidence and inferences, judges the credibility of witnesses, receives expert instructions, and draws the ultimate conclusion as to the facts. The very essence of its function is to select from among conflicting inferences and conclusions that which is considered most reasonable. * * * That conclusion, whether it relates to negligence, causation, or any other factual matter, cannot be ignored. Courts are not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable." This court has adhered to the same principle in the recent cases of Pitrowski v. New York, Chicago and St. Louis Railroad Co. 4 Ill.2d 125, and Bonnier v. Chicago, Burlington and Quincy Railroad Co. 2 Ill.2d 606.
In the present case it is charged that the defendant was negligent in failing to warn plaintiff of the dangerous properties of creosote and in permitting plaintiff to work outside in sub-zero temperature without providing shelter or warning of the dangers of open fires while wearing creosote saturated clothing. Plaintiff further alleged that his injuries were the direct and proximate result of such negligence.
It has been frequently held, by this and other courts, that the provisions of the Federal Employers' Liability Act are founded upon common-law concepts of negligence and injury, subject to such qualifications as Congress has seen fit to impose. (Urie v. Thompson, 337 U.S. 163, 93 L.ed. 1282; Bailey v. Central Vermont Railway, Inc. 319 U.S. 350, 87 L. ed. 1444.) Thus, to resolve these questions we must look to the common law. The rule is concisely stated *131 in 56 C.J.S., Master and Servant, sec. 284, as follows: "It is the duty of the master to warn and instruct his servant as to defects and dangers of which he knows, or ought, in the exercise of reasonable care and diligence, to know, and of which the servant has no knowledge, actual or constructive; prima facie this duty requires the master to warn and instruct the servant with reference to all abnormal or unusual, peculiar or extraordinary risks or hazards of the employment, and, where the business is complex or dangerous in its nature, the master is bound to point out to servants the particular defects and dangers incident thereto. Whether warning or instruction is necessary may depend on the age, intelligence, and experience of the employee, as well as on the nature of the danger, the character of the work, and the surrounding conditions and circumstances, but the duty does not depend on custom. Where there is a duty to warn, the master is negligent where he fails so to warn, and he cannot escape responsibility for his failure, even though the danger is one which in the ordinary course of business cannot be avoided, or by reason of his having used the utmost care to reduce the danger as much as possible, nor is it material how or by whom the dangerous conditions were created or that the servant could not have avoided the danger had he known of it."
Of course, the master is not required to warn his servant as to dangers which are perfectly obvious and appreciated by the employee. (See: Clark v. Wheelock, 293 S.W. 456.) However, in the case at hand, the plaintiff had neither knowledge of the dangerous properties of creosote nor instruction, or experience, in its handling. Other employers testified that it was customary to instruct and warn employees about the dangers of working with and handling creosoted materials. Yet no such instructions were given the plaintiff. Likewise, it cannot be said that the danger of external burns from creosote or creosote *132 fumes is a matter of such common knowledge, or is so obvious, that any reasonable person of average intelligence would know of its dangers. Thus, it was not unreasonable for the jury to find the defendant guilty of negligence upon these facts.
To recover, it was also incumbent upon the plaintiff to prove that his injury was proximately caused by the negligence of the defendant. The Appellate Court was of the opinion that the proof failed in this respect. We, however, do not find that the record of the case justifies such a conclusion. The plaintiff was instructed to carry hot creosote without being warned of its dangers. There can be little doubt, because of the nature of plaintiff's duties, that it could reasonably be expected that some of the creosote would become impregnated in his clothing. The temperature, on the day of the injury, was three degrees below zero; no shelter was provided by the defendant for its employees; and the record shows that other employees were building fires along the right of way to warm themselves. Under such circumstances, the jury could reasonably find, and defendant could reasonably anticipate, that an employee handling creosote would stand near an open fire, or other heating medium, and thus be exposed to the undisclosed dangers of creosote fumes.
Negligence may be the proximate cause of an injury even though the exact method by which the injury occurred could not have been foreseen. It is sufficient if the employer, as a person of ordinary experience and intelligence, could have foreseen that some injury might probably result from such negligent acts. (Miller v. Kelley Coal Co. 239 Ill. 626; American Express Co. v. Risley, 77 Ill. App. 476, affirmed in 179 Ill. 295.) Under the old concept of proximate cause, that cause must have been the sole, direct, and responsible cause of the injury. Contributing and related causes were not sufficient. However, the newer view in both the Federal and State courts, in cases arising under *133 the Federal Employers' Liability Act, is that if the negligence has causal relation, or if the injury or death resulted in part from the defendant's negligence, there is liability. 45 U.S.C. sec. 51, 45 U.S.C.A. sec. 51; Lillie v. Thompson, 332 U.S. 459, 92 L.ed. 73; Eglsaer v. Scandrett, 151 Fed.2d 562; Tatham v. Wabash Railroad Co. 412 Ill. 568; Stefanowski v. Chain Belt Co. 129 Wis. 484, 109 N.W. 532.
In its opinion, which found the plaintiff had failed to prove that his injuries were proximately caused by defendant's negligence, the Appellate Court relied heavily upon Wolfe v. Henwood, 162 Fed.2d 998. In that case, the clothes of the plaintiff, a section hand employed by the defendant, became saturated with fuel oil. He used waste material soaked with gasoline to remove the oil from his clothing and then undertook to burn the waste. In doing so, his clothes were set on fire and he was severely burned. The court held there was a total failure to establish that defendant's negligence was in whole or in part the cause of the injury. In the present case, however, the Appellate Court failed to differentiate between the well-known properties of gasoline and creosote. It is common knowledge that gasoline is highly inflammable and may violently explode if ignited in a confined area. On the other hand, the general public is quite unaware of the dangerous qualities of creosote and creosote fumes. Whereas it may be unreasonable to require an employer to foresee the possibility of an employee flouting the obvious dangers of gasoline, it is not unreasonable for him to anticipate that an employee might unwittingly subject himself to the latent but equally dangerous properties of creosote. Thus the Wolfe case may be distinguished upon its facts. The chain of causation was not here broken. There was sufficient evidence from which a jury might conclude that plaintiff's injury was proximately caused by the negligence of the defendant and we find no cause to disturb its verdict.
*134 This result is in agreement with "creosote cases" found in other jurisdictions. In Louisville and Nashville Railroad Co. v. Wright, 183 Ky. 634, 210 S.W. 184, the plaintiff was employed as a section hand to unload creosoted ties, and was not warned of the dangers therein involved. He sued to recover damages for injury to his lungs and general health allegedly caused by creosote fumes and recovered judgment. Upon appeal, the Kentucky Court of Appeals, although reversing for procedural error, stated that the jury was justified in finding liability upon these facts. In another Kentucky case, the plaintiff was employed to load creosoted railroad ties. In handling these ties, plaintiff became burned upon the hands and body and there again it was held that the employer was under a duty to warn its employees of this danger, and that its failure to do so resulted in the plaintiff's injuries. (Robinette v. Norfolk and Western Railway Co. 249 Ky. 93, 60 S.W.2d 344.) For similar results see Chicago, Rock Island and Pacific Railway Co. v. Cheek, 105 Okla. 91, 231 Pac. 1078, and Cunningham v. Chicago, Burlington and Quincy Railway Co. 156 Mo. App. 617, 137 S.W. 600.
In further support of the contention that plaintiff has failed to prove that his injuries were proximately caused by its negligence, defendant has directed our attention to Brady v. Southern Railway Co. 320 U.S. 476, 88 L.ed. 239, and Illinois Central Railroad Co. v. Oswald, 338 Ill. 270. Each of these cases hold only that where there is no conflict in the evidence and there can be but one reasonable conclusion as to the verdict, it is error to submit the matter to the jury. There was no such clear mandate to be derived from the evidence in the case at hand. Defendant further urges that a distinction should be drawn between injuries resulting from creosote itself and those resulting from creosote fumes. We see no compelling factual or legal reason for such distinction. Both are equally dangerous and must be equally guarded against.
*135 We hold, therefore, that there was sufficient evidence to support the verdict for plaintiff and that the judgment of the Appellate Court must be reversed. However, since it appears that the issues relating to defendant's motion for a new trial were not passed upon by the Appellate Court and thus not presented to this court, the cause is remanded to the Appellate Court for a determination of those issues. Sims v. Chicago Transit Authority, 4 Ill.2d 60.
Reversed and remanded.